WILLIAM C. OAKES *vs.* WILLIAM H. BAKER & another.

Middlesex. December 11, 1922. — March 1, 1923.

Present: RUGG, C.J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Contract*, What constitutes.

At the trial of an action for breach of an alleged contract whereby the defendant agreed to employ the plaintiff as a salesman for a period of one year, there was in evidence correspondence between the plaintiff in Atlanta, Georgia, and the defendant's sales manager in Boston. It appeared that in reply to a letter from the plaintiff, the manager wrote, "We will be ready for you just as soon as you can arrange to come. We will try out the first year on" a certain basis. The plaintiff replied, referring to a previous conversation when he had said that unless he could make "$7,000 this year it would be hardly worth . . . [his] while moving" and inquiring whether "the bonus" was computed on the basis of all sales in his territory or only on his personal sales. The manager replied stating the territory which would be assigned to the plaintiff "for this year" and arrangements as to salesmen under him. The plaintiff replied that he would make arrangements to be in Boston as near March 1 "as possible," to which the manager replied, "I am glad that you have decided to come with us. We will assign you the best territory available," describing it. *Held,* that

(1) While it appeared that some of the details were to be settled, the fact that the plaintiff was to be hired for a period of a year was not questioned in the correspondence, and there was evidence of a contract for a year's employment;

(2) The trial judge properly refused to rule that as a matter of law there was no contract made between the plaintiff and the defendant for the period of one year beginning March 1.

CONTRACT against William H. Baker and Baker Motor Sales Company, Incorporated, for damages due to breach of a contract to employ the plaintiff for a year. Writ dated November 16, 1920.

In the Superior Court, the action was tried before *Hammond, J.* At the close of the evidence, by order of the judge, a verdict was entered in favor of the defendant Baker. The defendant Baker Motor Sales Company, Incorporated, asked the judge to rule that "as a matter of law there was no contract made between the plaintiff and the defendant, Baker Motor Sales Company, Inc., for the period of one year, beginning March 1, 1920, and ending March 1, 1921."

The ruling was refused. There was a verdict for the plaintiff

against that defendant in the sum of $1,113.37, and, at its request, the judge reported the action for determination by this court, judgment to be entered on the verdict if the ruling was right; otherwise, judgment to be entered for the defendant Baker Motor Sales Company, Incorporated.

*J. C. Lynch,* for the defendant, Baker Motor Sales Company, Incorporated, submitted a brief.

No argument or brief for the plaintiff.

CARROLL, J. The plaintiff brings this action to recover for a breach of contract of employment from March, 1920, to March, 1921. The declaration states that the plaintiff, in accordance with the contract, went to work "for defendant" on or about March 1, 1920, and that before the expiration of the year, about November 1, 1920, he was discharged.

Following a conversation between the plaintiff and the defendant Baker, manager of the defendant Baker Motor Sales Company, Inc., the plaintiff wrote to him, and received in reply a letter dated January 14, 1920, which stated: "We will be ready for you just as soon as you can arrange to come. We will try out the first year on the basis of allowing you $75.00 salary and 1% on all of your sales." And if on January 1, 1921, the plaintiff's sales exceeded a monthly average of $8,000, he was to receive "a bonus of 5% on all such excess." To this letter the plaintiff replied under date of January 20, 1920, asking if the bonus on all sales over $8,000 per month referred to his "own personal sales? Or all sales made in the territory which . . . [he is] operating in;" he mentioned a previous conversation between the parties, when he said that unless he could make "$7,000 this year it would be hardly worth . . . [his] while moving." On January 27, 1920, the defendant answered: "The territory I should assign you for this year is a good one and I have no doubt you would produce $150,000 sales which would net you $7,500 — unless I am mistaken in your methods. You would have salesmen under you within 60 days and you would get 1% from their sales, also in fact from all sales from your section." February 1, 1920, the plaintiff wrote the defendant saying he would make preparations "to be in Boston as near March 1st as possible." February 5, 1920, the defendant replied by letter stating, "I am glad that you have decided to come

with us. We will assign you the best territory available, to wit: Chelsea, East Boston, Charlestown, and Revere." At the close of the evidence the defendant requested the trial judge to rule "That as a matter of law there was no contract made between the plaintiff and the defendant, the Baker Motor Sales Company, Inc., for the period of one year, beginning March 1, 1920, and ending March 1, 1921." The judge refused so to rule, and the defendant excepted. There was a verdict for the plaintiff and the judge reported the case to the full court.

It could not be ruled as matter of law that there was no contract between the plaintiff and the defendant for the period of one year from March 1, 1920. The defendant, by its manager, in the letter of January 14, 1920, replied to the letter of the plaintiff that he should be paid $75 per week and a commission, and expressly states, "We will try out the first year," allowing the plaintiff $75 a week and one per cent commission on all sales.

While it appears that some of the details were to be settled, the fact that the plaintiff was to be hired for a period of a year was not questioned in the correspondence. The plaintiff in his letter of January 20, recalls the fact that unless he could make $7,000 "this year," it would not be worth his while to move from Atlanta, Georgia, to Boston, and the defendant speaks of the territory to which the plaintiff was to be assigned for "this year." There was evidence of a contract for a year's employment, as shown by the correspondence, and the judge could not rule as requested by the defendant. Judgment is to be entered on the verdict.

*So ordered.*